## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ZACHARY GOFFREDO,** | **CIVIL ACTION NO. _____** |
| **PLAINTIFF,** | |
| **v.** | **JURY TRIAL DEMANDED** |
| **SUSSMAN H.V. INC.,** | |
| **DEFENDANT.** | |

## COMPLAINT AND JURY DEMAND

Plaintiff Zachary Goffredo, by and through his attorneys, Bell & Bell LLP, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1.      This is an action for an award of damages and other relief on behalf of Plaintiff Zachary Goffredo (hereinafter "Plaintiff" or "Mr. Goffredo"), a former employee of Sussman H.V. Inc. f/k/a Sussman Acura (hereinafter "Sussman Acura" or "Defendant").  Despite his dedication and consistent performance, Mr. Goffredo was harmed by Sussman Acura's discrimination and harassment on the basis of his disability and/or perceived disability, retaliation for complaining about discrimination and harassment, retaliation for seeking accommodations of his disability and/or perceived disability, retaliation for taking or seeking to take leave pursuant to the Family and Medical Leave Act, and wrongful termination as a result of discrimination and retaliation. Further, Sussman Acura failed and refused to accommodate Mr. Goffredo's disabilities and failed to engage in a good faith, interactive process with respect to accommodating Mr. Goffredo's disabilities.

2.　　　This action arises under the Americans with Disabilities Act, 42 U.S.C. § 12101,

et seq. ("ADA") and the Family and Medical Leave Act, 29 U.S.C. § 2611, et seq. ("FMLA").

## JURISDICTIONAL STATEMENT

3.　　　This Court has original jurisdiction over all civil actions arising under the

Constitution, laws or treaties of the United States pursuant to 29 U.S.C. §§ 1331 and 1391.

4.　　　The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4),

which grants the District Court original jurisdiction in any civil action authorized by law to be

commenced by any person to recover damages to secure equitable or other relief under any act of

Congress providing for the protection of civil rights.

5.　　　This Court has supplemental jurisdiction over any Pennsylvania state law claims

pursuant to 28 U.S.C. § 1367.

6.　　　All conditions precedent to the institution of this suit have been fulfilled. On

December 29, 2020, Plaintiff timely filed a Charge of Discrimination with the United States

Equal Employment Opportunity Commission ("EEOC"), which was dual-filed as a Complaint

with the Pennsylvania Human Relations Commission ("PHRC"). On August 2, 2021, the EEOC

issued a Notice of Right to Sue to Plaintiff. This Complaint has been filed within ninety (90)

days of Plaintiff's receipt of said Notice.[1]

## VENUE

7.　　　This action properly lies in the Eastern District of Pennsylvania, pursuant to 28

U.S.C. § 1391(b).

---

[1] It has been less than one year since Mr. Goffredo dual-filed his Charge of Discrimination as a
Complaint with the PHRC for Defendant's violations of the Pennsylvania Human Relations Act,
43 P.S. § 951, et seq. ("PHRA"). Mr. Goffredo will seek to amend his Complaint in this matter to
add his PHRA claims once he has exhausted his administrative remedy with respect to those
claims.

8.      This action properly lies in the Eastern District of Pennsylvania because the

claims and significant activities associated with those claims arose in this judicial district, and

Plaintiff was employed and terminated by Defendant in this judicial district.

## PARTIES

9.      Plaintiff Zachary Goffredo is an adult citizen and resident of Philadelphia,

Pennsylvania and the United States of America.

10.     Mr. Goffredo is a qualified individual with a disability within the meaning of the

ADA.

11.     Mr. Goffredo suffers from, among other things, epilepsy.

12.     Mr. Goffredo's disability substantially limits one or more major life activities.

13.     Mr. Goffredo's disabilities have affected him for a period far in excess of six

months.

14.     During his employment, Defendant regarded Mr. Goffredo as disabled.

15.     Defendant Sussman Acura is a car dealership with a location at 850 Old York

Road, Jenkintown, Pennsylvania 19046.

16.     At all relevant times, upon information and belief, Defendant is and has been an

employer employing more than 50 employees.

17.     At all relevant times, employees of Defendant acted as agents and servants for

Defendant.

18.     At all relevant times, employees of Defendant were acting within the scope of

their authority and in the course of employment under the direct control of Defendant.

19.     At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

20.     At all relevant times hereto, Plaintiff Zachary Goffredo was an "employee" of Defendant within the meanings of the laws at issue in this suit and is accordingly entitled to the protection of said laws.

21.     At all relevant times hereto, Defendant is and has been an "employer" and/or "person" under the laws at issue in this matter and are accordingly subject to the provisions of said laws.

22.     This cause of action arose out of transactions or occurrences that took place in whole or in part in Pennsylvania.

23.     Defendant conduct substantial business within Pennsylvania.

24.     This Honorable Court has personal jurisdiction over the Defendant.

## FACTS

25.     Mr. Goffredo is an adult male individual who was hired in approximately July 2019 by Sussman Acura as a car porter.

26.     During his employment with Sussman Acura, Mr. Goffredo was a dedicated and loyal employee who performed his duties in an excellent manner.

27.     Mr. Goffredo suffers from occasional seizures.

28.     In approximately August 2020, Mr. Goffredo suddenly fainted at work.

29.     Mr. Goffredo was transported to the hospital where he learned that he had experienced a seizure.

30.     Mr. Goffredo underwent additional medical testing and took leave pursuant to or that should have been treated as leave pursuant to the Family and Medical Leave Act (FMLA).

31.     Ultimately, Mr. Goffredo had his license returned and was cleared to return to work.

32.     On or about September 23, 2020, Mr. Goffredo returned to work.

33.     Approximately two days after his return, Mr. Goffredo experienced another seizure.

34.     Mr. Goffredo was again transported to the hospital where he was diagnosed with epilepsy.

35.     Mr. Goffredo began taking medication to treat the seizures.

36.     Soon thereafter, Mr. Goffredo's license was recalled.

37.     Jeff Sanders, General Manager at Sussman Acura and Mr. Goffredo's supervisor, contacted Mr. Goffredo and told him that Sussman Acura could not bring Mr. Goffredo back to work while his license was recalled.

38.     Mr. Goffredo complained that he was being discriminated against on the basis of his disability, as Sussman Acura had historically treated non-disabled employees better, including by retaining and accommodating employees who had lost their licenses for reasons other than due to a disability including suspensions for driving under the influence.

39.     Mr. Goffredo also spoke with Mr. Sanders and Assistant General Manager, Amy Hope, in Mr. Sanders' office about his position, and it was agreed upon that Mr. Goffredo, who was also attending school at the time, would take medical leave until he graduated in December 2020.

40.     It was made clear to Mr. Goffredo that once he graduated from school, he would return to work at Sussman Acura, with an approximate date of return set for the first week of January 2021.

41.     However, despite the multiple assurances that Mr. Goffredo would have a position available for him once he was ready to return to work after his medical leave, on November 18, 2020, Sussman Acura terminated Mr. Goffredo.

42.     Mr. Goffredo contacted Mr. Sanders to discuss reasonable accommodations for his disability that would pose little to no hardship for Sussman Acura and allow him to continue working for Defendant.

43.     Mr. Goffredo offered a solution in which the other detailers/lot attendants could do any necessary driving, which is a fairly minimal part of job and therefore would not pose a burden, and that he could cover other duties that do not require a license to make up for the other employee(s) covering any necessary driving.

44.     Mr. Goffredo requested this accommodation only until his license was returned.

45.     Mr. Goffredo also suggested an accommodation in the form of his transfer to a different position with Sussman Acura that did not involve the transportation of vehicles.

46.     However, Sussman Acura refused to engage in a good faith, interactive process, or any form of process whatsoever, and refused to accommodate Mr. Goffredo's disability, instead telling Mr. Goffredo that he would need to drive.

47.     The above facts indicate that, after Mr. Goffredo disclosed his disability and requested accommodations for his disability, Sussman Acura sought and used any excuse it had to terminate Mr. Goffredo.

48.     Sussman Acura's proffered reason for Mr. Goffredo's termination – that he was unable to drive – is extremely suspect for a number of reasons, including due to the close proximity in time between his request for accommodation, his efforts to seek or take medical leave, his complaints about discrimination and harassment, and his termination.

49.     The timing of Mr. Goffredo's termination, coupled with the treatment Sussman Acura subjected him to after he disclosed his disability and requested accommodations, and the lack of any legitimate justification for his termination, indicates that the real reason for Mr. Goffredo's termination was discrimination and retaliation on the part of Defendant.

50.     Sussman Acura also failed to engage in the requisite good-faith, interactive process with respect to accommodating Mr. Goffredo's disability.

51.     Mr. Goffredo's termination was pretextual.

52.     Mr. Goffredo's termination was wrongful.

53.     Despite his loyalty, dedication and consistent performance, and given his treatment during his employment with Sussman Acura (including, but not limited to, his wrongful termination), Sussman Acura harassed, discriminated and retaliated against Mr. Goffredo on the basis of his disability or perceived disability, and retaliated against him for complaining about discrimination and harassment, for requesting accommodations, and for taking or seeking to take leave pursuant to the FMLA.

54.     Mr. Goffredo has been discriminated against, harassed and retaliated against by Sussman Acura in violation of the ADA and FMLA.

55.     Sussman Acura failed and refused to accommodate Mr. Goffredo's disabilities and failed to engage in a good faith, interactive process with respect to accommodating Mr. Goffredo's disabilities in violation of the ADA.

56.     Mr. Goffredo has suffered mental anguish and severe emotional distress as a direct and proximate result of the actions and inactions of Defendant.

57.     Defendant and its agents acted with the intent of causing or with reckless disregard for the probability that their actions would cause Mr. Goffredo severe emotional distress.

58.     Mr. Goffredo has suffered financial losses, which include, among other things, lost wages and an obligation for attorneys' fees and costs of bringing suit, as a proximate result of the actions and inactions of Defendant.

## COUNT I
### The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

59.     Plaintiff Zachary Goffredo repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

60.     Based on the foregoing, Defendant engaged in unlawful employment practices in violation of the Americans with Disabilities Act.

61.     In discriminating against and harassing Mr. Goffredo on the basis of his disability and/or because Defendant regarded Mr. Goffredo as disabled, in denying Mr. Goffredo his requested accommodation, in failing to engage in a good faith, interactive process with respect to accommodating Mr. Goffredo's disabilities, and in retaliating against Mr. Goffredo for requesting accommodations and for complaining about discrimination and harassment, Defendant violated the ADA.

62.     Said violations were intentional and willful.

63.     Said violations warrant the imposition of punitive damages.

64.     As the direct and proximate result of Defendant's violation of the Americans with Disabilities Act, Plaintiff Zachary Goffredo has sustained loss of earnings, severe emotional and

psychological distress, loss of self-esteem, loss of reputation and opportunity for career advancement, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred an obligation for attorneys' fees and costs.

## COUNT II
### The Family and Medical Leave Act, 29 U.S.C. § 2611, et seq.

65.     Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

66.     Defendant's conduct, in retaliating against Mr. Goffredo for taking and/or attempting to take leave pursuant to the Family and Medical Leave Act, violated the FMLA.

67.     Defendant's violations of the FMLA were intentional and willful, as Defendant knew or should have known the requirements of the FMLA, but disregarded those requirements.

68.     Defendant's violations of the FMLA warrant the imposition of liquidated damages.

69.     As a direct and proximate result of Defendant's violations of the FMLA, Mr. Goffredo has sustained a loss of earnings, severe emotional and psychological distress, personal embarrassment, loss of self-esteem, loss of earning power, back-pay, front-pay, interest due thereon, and has incurred attorneys' fees and costs.

70.     Plaintiff Zachary Goffredo is now suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## PRAYER FOR RELIEF

71.     Plaintiff Zachary Goffredo repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

**WHEREFORE**, Plaintiff Zachary Goffredo respectfully requests that this Court enter judgment in his favor and against Defendant, and Order:

a. Appropriate equitable relief, including reinstatement or front pay;

b. Defendant to compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination, harassment and retaliation;

c. Defendant to compensate Plaintiff with the wages and other benefits and emoluments of employment lost because of Defendant's unlawful conduct;

d. Defendant to pay Plaintiff punitive damages;

e. Defendant to pay Plaintiff liquidated damages;

f. Defendant to pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

g. Defendant to pay Plaintiff's costs of bringing this action, including, but not limited to, Plaintiff's attorneys' fees;

h. Plaintiff be granted any and all other remedies available under the ADA and FMLA; and

i. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Zachary Goffredo hereby demands trial by jury as to all issues so triable.

BELL & BELL LLP


By:    */s/ Christopher A. Macey, Jr.*
        Christopher A. Macey, Jr., Esquire
        Bell & Bell LLP
        1617 John F. Kennedy Blvd., Suite 1254
        Philadelphia, PA 19103
        (215) 569-2500

        *Attorneys for Plaintiff Zachary Goffredo*

Dated: October 28, 2021